IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH VALENTINO and DONNA VALENTINO, | Case No. 2:09-cv-01615-GLL |
| Plaintiffs, | The Honorable Gary L. Lancaster |
| | Electronically Filed |
| vs. | |
| RANGE RESOURCES – APPALACHIA, LLC, | |
| Defendant. | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel, pursuant to FED. R. CIV. P. 26(c), that:

1. This Stipulated Protective Order governs the handling of all documents and information ("Discovery Material") produced by the parties in this action. All Discovery Material shall be used by the parties receiving it only for the purposes of preparing for and conducting this action.

2. Any of the parties may designate any Discovery Material as Confidential under the terms of this Stipulated Protective Order if such parties believe that such Discovery Material constitutes or reveals information (i) which has not been made public or is not publicly available; (ii) the disclosure of which will more likely than not cause substantial harm to the business operation of the party; or (iii) which is confidential trade secrets or other proprietary or confidential business information which requires the protections provided in this Stipulated Protective Order.

3. Any Discovery Material designated Confidential shall be so designated by stamping the same with the legend "Confidential" or by otherwise identifying such Discovery

Material as "Confidential." Inadvertent failure to designate such Discovery Material as "Confidential" may be corrected by supplemental written notice.

4. Any deposition or other testimony may be designated as Confidential by any one of the following means: (a) stating orally on the record of a deposition that certain information or testimony is Confidential; (b) sending written notice designating information as Confidential; or (c) stamping or writing the legend "Confidential" on the relevant portion of the transcript at or before the signing of the transcript by the witness. All information disclosed during a deposition shall be deemed to have been designated Confidential until the transcript has been signed by the witness, whether or not portions of the transcript have been previously so designated.

5. In order to provide the parties an adequate opportunity to designate Discovery Materials as Confidential, all Discovery Material produced shall be deemed Confidential, whether or not it has been stamped with an appropriate legend, for a period of thirty (30) days following production, unless the parties agree otherwise.

6. Discovery Material designated as Confidential may be disclosed or made available only to the following persons:

    (a) the Court (in the manner provided in paragraph 8 hereof);

    (b) the parties, counsel to the parties and clerical, paralegal and secretarial staff employed by such counsel necessary to assist such counsel;

    (c) court reporters employed in connection with this case;

    (d) deposition witnesses;

    (e) consultants or experts retained by the parties to render advice in this action; and

    (f) those employees or other agents of the parties necessary for the prosecution or defense of this action.

7. Each person referred to in subparagraph 6(d), 6(e) and/or 6(f) who is shown or given access to Confidential Discovery Material, or information derived therefrom, shall sign an undertaking in the form attached as Exhibit A to this Stipulated Protective Order, stating that he or she has read a copy of this Stipulated Protective Order and agrees to be bound by its provisions, which undertaking shall be retained by counsel to the party who proposes to disclose such Confidential Discovery Material to such person.

8. If Discovery Material designated as Confidential pursuant to any of the provisions hereof, or information derived therefrom, is to be included in any papers to be filed in Court, then, with respect to any Discovery Material previously designated by that party as Confidential, the filing party must (i) de-designate such Discovery Material by notifying counsel for the opposing party in writing of such de-designation, (ii) present a motion seeking impoundment of a particular document or documents, describing in detail the reasons for which impoundment is sought, or (iii) file, as a public document, a redacted version of the Confidential Discovery Material. With respect to any Discovery Material previously designated by the opposing party as Confidential, the filing party must contact the opposing party in writing and identify each subject Discovery Material by production number or other appropriate designation that is to be included in the papers to be filed with the Court. Within ten (10) business days after receipt of this notice, the opposing party may (i) de-designate any such Discovery Material by notifying counsel for the filing party in writing of such de-designation, (ii) present a motion seeking impoundment of a particular document or documents, describing in detail the reasons for which impoundment is sought, or (iii) provide the filing party with a redacted version of the Confidential Discovery Material. If the opposing party de-designates such Discovery Material, fails to present a motion seeking impoundment or fails to provide the filing party with a redacted

3

version of the Confidential Discovery Material within ten (10) business days after receipt of the notice, then the filing party may file the papers with the Court as a public document without any restrictions. If the opposing party provides the filing party with a redacted version of the Confidential Discovery Material, then the filing party may file, as a public document, a redacted version of the Confidential Discovery Material.

9. Confidential Discovery Material may be disclosed or made available to a consultant or expert retained by the parties, provided that such consultant or expert agrees to the terms of this Stipulated Protective Order, agrees not to disclose or use such Discovery Material for purposes other than in connection with this action, and agrees to consent to the jurisdiction of this Court for purposes of enforcement of the terms of this Stipulated Protective Order..

10. Within sixty (60) days after the termination of this action, all Discovery Material designated as Confidential, all copies of same and (except as provided with respect to documents reflecting attorney work-product) all documents and materials reflecting same shall be promptly returned by the receiving party to the producing party, or, in lieu of returning such documents and materials to the producing party, a receiving party shall certify in writing to the producing party that such documents have been destroyed. To the extent that documents and materials reflecting attorney work-product contain information designated Confidential, the receiving party may, in lieu of returning such documents and materials to the producing party, certify in writing to the producing party that such documents have been destroyed.

11. The inadvertent production of any Discovery Material shall be without prejudice to any claim that such Discovery Material is privileged or protected from discovery as work product. The party making such inadvertent production is entitled to the return of such

documents upon written notice to the other party, and the parties shall not be held to have waived any rights by such inadvertent production.

12. If any party objects to the designation of any Discovery Material as Confidential, that party's counsel shall so notify counsel for the producing party in writing (the "Notice"). The Notice specifically shall identify each subject Discovery Material to which objection is made by production number or other appropriate designation and shall (i) state that the receiving party objects to the designation of such Discovery Material as Confidential and (ii) set forth the reasons for such objection. If the producing party does not agree to remove the confidential designation with respect to those documents within ten (10) business days after receipt of the Notice, the receiving party may seek a hearing before this Court with respect to the propriety of the designation and the producing party will cooperate in obtaining a prompt hearing with respect thereto. Until the Court rules on such application, the Discovery Material in question shall remain Confidential.

13. Nothing herein shall be construed to preclude any party hereto from disclosing to any other person any document which previously has been disclosed to such other person, but only if such prior disclosure was not contrary to or in violation of any agreement between the parties hereto concerning the confidential exchange of documents or information including, but not limited to, this Stipulated Protective Order.

14. The parties may modify the provisions of the Stipulated Protective Order by written stipulation approved by all parties hereto, and any party may apply to the Court, on written notice to all other parties, to modify the provisions of the Stipulated Protective Order for good cause shown.

SMITH BUTZ, LLC

*[signature]*

John M. Smith, Esquire
Brian A. Lawton, Esquire
Smith Butz, LLC
125 Technology Drive, Suite 202
Bailey Center I, Southpointe
Canonsburg, PA 15317

724-745-5121 (Phone)
724-745-5125 (Fax)
jmsmith@smithbutzlaw.com
blawton@smithbutzlaw.com

Attorneys for Plaintiffs

K&L GATES LLP

*[signature]*

Mark D. Feczko, Esquire
Jared S. Hawk, Esquire
K&L Gates LLP
210 Sixth Avenue
Pittsburgh, PA 15222-2613

412-355-6500 (Phone)
412-355-6501 (Fax)
mark.feczko@klgates.com
jared.hawk@klgates.com

Attorneys for Defendant

Dated: August 9, 2010

SO ORDERED, this 24TH day of AUGUST, 2010.

*[signature]*

The Honorable Gary L. Lancaster,
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH VALENTINO and DONNA VALENTINO, | ) Case No. 2:09-cv-01615-GLL |
| | ) |
| | ) The Honorable Gary L. Lancaster |
| Plaintiffs, | ) |
| vs. | ) |
| RANGE RESOURCES – APPALACHIA, LLC, | ) |
| Defendant. | ) |

## EXHIBIT A TO STIPULATED PROTECTIVE ORDER

I, _____, have read and understood the Stipulated Protective Order attached to this Exhibit. I agree to be bound by all of its provisions in the same manner as the parties to the Stipulated Protective Order are bound.

_____